## Carney's Petition.

*Magistrates—Homicide cases—Duty of magistrate to hold defendant without bail or discharge—Act of March 31, 1860.*

1. Under section 7 of the Act of March 31, 1860, P. L. 427, which provides, in substance, that if a person accused of crime is held by a magistrate, he shall be admitted to bail in the case of all crimes except those therein specified, among which are murder and manslaughter, it is the duty of the magistrate in homicide cases, if he holds the defendant, to hold him without bail.

2. Even in homicide cases, however, the magistrate need not hold the defendant at all in a case where there is no evidence to establish the crime, where the evidence fails to show any liability on the part of the defendant or that he has been guilty of any unlawful act in connection with the death, and the magistrate, after hearing all the evidence, is of the opinion that no offence was committed.

Petition by magistrate for instructions as to his duties. Q. S. Phila. Co.

STERN, J., Nov. 7, 1923.—This is a petition by Edward P. Carney, a Magistrate of the City of Philadelphia, asking instructions from the court in regard to the following query, which is quoted from his petition: "Your petitioner prays your honorable court to advise and instruct your petitioner whether, when a death has occurred and a person arrested in connection therewith is brought before your petitioner for a hearing and no evidence has been offered to establish the crime of manslaughter, and the evidence fails to show any liability upon the part of the person arrested for such death, or that the party arrested has been guilty of any unlawful act in connection with the death, and, after hearing all the evidence, your petitioner's judgment is that no offence was committed, is your petitioner required to commit such person to await the action of the coroner's inquest, or has he power to discharge?"

As the question is thus presented—that is to say, where no evidence has been offered to establish the crime of manslaughter, and the evidence fails to show any liability upon the part of the person arrested for such death, or that the party arrested has been guilty of any unlawful act in connection with the death, and, after hearing all the evidence, the magistrate's judgment is that no offence was committed—the opinion of the court is that the magis-

3 D. & C.

trate has the power to discharge, and is not required to commit the defendant to await the action of the coroner's inquest.

The determination of the question propounded depends upon a proper construction of the Act of March 31, 1860, § 7, P. L. 427, which provides that "In all cases the party accused, on oath or affirmation, of any crime or misdemeanor against the laws shall be admitted to bail by one or more sufficient sureties, to be taken before any judge, justice, mayor, recorder or alderman where the offence charged has been committed, except such persons as are precluded from being bailed by the Constitution of this Commonwealth: Provided, also, that persons accused, as aforesaid, of murder or manslaughter shall only be admitted to bail by the Supreme Court or one of the judges thereof, or a president or associate law judge of a Court of Common Pleas. Persons accused, as aforesaid, of arson, rape, mayhem, sodomy, buggery, robbery or burglary shall only be bailable by the Supreme Court, the Court of Common Pleas, or any of the judges thereof, or a mayor or recorder of a city."

The clause in the Constitution referred to is evidently article I, section 14, which provides that "All prisoners shall be bailable by sufficient sureties, unless for capital offences, when the proof is evident or presumption great."

The Act of March 31, 1860, clearly provides that the magistrate has no power to admit to bail persons accused of murder or manslaughter, or of arson, rape, mayhem, sodomy, buggery, robbery or burglary. It is evident, therefore, that in the case of such crimes the defendant, if held by the magistrate at all, must be held without bail. But there is nothing either in the Constitution or in the statute which makes it obligatory upon a magistrate, even in the case of the crimes thus enumerated, to hold any and every person accused, even though there be no evidence whatever presented tending to show the guilt of the defendant. What the Act of 1860 clearly means is, that *if* the person accused of a crime is held by the magistrate, he shall be admitted to bail in the case of all crimes except those specified, in which latter cases he must, if held, be held without bail.

Magistrates are, and always have been, judicial officers. It is their function to hear the evidence, and, if a *prima facie* case is made out in a criminal proceeding, to hold the defendant for court or for the coroner's inquest, as the case may be. It would be an affectation of learning to cite from the long range of law-books and law-writers, going back to the earliest days of English law, to confirm the established principle that the magistrate must hear the evidence and be guided by it, and that he is not bound to commit any person accused of crime or hold him under bail unless there is at least some evidence of such person's guilt.

To sum up the matter, therefore, the court is of the opinion:

1. That in homicide cases, to which the petitioner's query is directed, if the magistrate holds the defendant, it must be without bail.

2. That even in homicide cases, however, the magistrate need not hold the defendant at all in a case where there is no evidence to establish the crime, where the evidence fails to show any liability on the part of the defendant or that he has been guilty of any unlawful act in connection with the death, and the magistrate, after hearing all the evidence, is of the opinion that no offence was committed.

By way of caution, the court believes it proper, in connection with this opinion, to advise the petitioner further:

1. That a discharge of a defendant should not be made until the magistrate has given to the Commonwealth every fair opportunity to present all of its evidence in the case. This is important because sometimes a very short time

enables the Commonwealth to produce testimony not immediately available, but throwing important additional light upon the facts of the case.

2. That if there is any evidence indicating the defendant's responsibility in a homicide case, he should be held, because the Commonwealth need merely make out a *prima facie* case based upon the assumption that its witnesses, or any of them, are telling the truth. It is not for the magistrate to pass upon the credibility of the witnesses or of the evidence. He must assume that the testimony offered by the Commonwealth is true.

3. That where there is the slightest doubt in the magistrate's mind as to whether any evidence has been presented justifying the holding of the defendant, the magistrate, before deciding to discharge the defendant, should consult the District Attorney in order to avoid the possibility of error.

These cautionary observations are offered because a homicide case, however occurring, is of serious import, and a magistrate, charged as he is with grave responsibility in such matters, should act only with the care and circumspection which the nature of the case demands.